NO. 07-04-0049-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 23, 2004

_____

SHANNON HAYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-401754; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Shannon M. Hayes, appellant, pleaded guilty to the offense of burglary of a habitation and on March 5, 2003, the trial court sentenced him to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. The court suspended his sentence and placed him on community supervision. He filed a pro se notice of appeal with this court on February 9, 2004.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed.

Here, the court imposed and then suspended Hayes' sentence on March 5, 2003. The record before us does not indicate whether he filed a motion for new trial. In any event, his notice of appeal, filed over ten months later, was untimely. Appellant's failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeal.

Consequently, the appeal is dismissed for want of jurisdiction.


James T. Campbell
Justice


Do not publish.